

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**AMENDED COMPLAINT $75**
March 1, 2017 12:54

By: JAMIE R. LEBOVITZ 0025000

Confirmation Nbr. 1001009

| | |
|---|---|
| WILLIAM H. CHAKAN, ET AL. | CV 17 874968 |
| vs. | Judge: NANCY R. MCDONNELL |
| BHULLAR IMPORTS, INC., ET AL. | |

Pages Filed: 9



EXHIBIT 2

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| WILLIAM H. CHAKAN<br>5701 Wellesley Avenue<br>North Olmsted, Ohio 44070<br><br>and<br><br>HEATHER CHAKAN<br>5701 Wellesley Avenue<br>North Olmsted, Ohio 44070<br><br>Plaintiffs,<br><br>-vs-<br><br>BHULLAR IMPORTS, LLC<br>1927 Rosa Parks Blvd.<br>Detroit, MI 48216<br><br>and<br><br>BHULLAR IMPORTS, INC.<br>dba Asian Food Imports<br>275 Wyandotte St. West<br>Windsor, ON N9A 5X1<br><br>and<br><br>JIHAD S. GORO<br>2986 Conservation<br>Windsor, ON N8W5L5<br><br>Defendants. | Case No.: CV 17 874968<br><br>Judge: Nancy R. McDonnell<br><br>**FIRST AMENDED COMPLAINT**<br><br>(Jury Demand Endorsed Hereon) |

1

Plaintiffs hereby file their First Amended Complaint, as a matter of right pursuant to Ohio Rule of Civil Procedure 15, for the sole purpose of amending the legal name of the first captioned defendant previously named Bhullar Imports, Inc. in error. The proper legal entity as documented with the Michigan Secretary of State is Bhullar Imports, LLC with its principal place of business and location for service of process located at the same address as previously captioned.

## THE PARTIES

1. Plaintiffs William H. Chakan and Heather Chakan are citizens and residents of the State of Ohio.

2. Defendant Bhullar Imports, Inc. is, upon information and belief, a foreign corporation organized and existing under the laws of the State of Michigan, with its principal place of business at 1927 Rosa Parks Blvd., Detroit, MI 48216.

3. Defendant Bhullar Imports, Inc. dba Asian Food Imports is, upon information and belief, a foreign corporation organized and existing under the laws of the Country of Canada, with its principal place of business at 275 Wyandotte St. West, Windsor, ON N9A 5X1.

4. Defendants Bhullar Imports, Inc. and Bhullar Imports, Inc. dba Asian Food Imports are herein collectively referred to as "Bhullar Imports, Inc."

5. Bhullar Imports, Inc. conducts substantial business in the State of Ohio, and specifically in Cuyahoga County, by, among other things, transporting freight, products, goods and information, and soliciting services and making purchases or shipping goods into the State of

Ohio in general and Cuyahoga County in particular. Bhullar Imports, Inc. conducts business operations and derive substantial revenue from operations in the State of Ohio, and, as such, this Court has <u>in personam</u> jurisdiction as to Bhullar Imports, Inc.

6. At all times material hereto Jihad S. Goro, hereinafter referred to as an operator, was acting within the course and scope of his employment and/or agency with Bhullar Imports, Inc. and further at all times material and relevant herein, was the permissive operator of a tractor and semi-trailer owned and/or leased by Bhullar Imports, Inc. As such Bhullar Imports, Inc. is legally responsible for the catastrophic injuries sustained by William H. Chakan, occasioned by the negligent and wrongful operation of the aforesaid motor vehicle by their agent/employee Jihad S. Goro.

## **COUNT I – VICARIOUS LIABILITY/PERSONAL INJURIES**

7. The preceding paragraphs are hereby realleged as if fully restated herein.

8. On or about September 2, 2016, Plaintiff William H. Chakan was a pedestrian outside of his tow truck. Plaintiff was parked on the berm and pulled out of the through lane of traffic on the side of Interstate 480 in North Olmsted, Cuyahoga County, Ohio, attempting to assist a motorist with a disabled vehicle when Defendant Goro, operating a commercial motor vehicle, created a hazard by unlawfully leaving the roadway and traveling onto the berm of the road violently striking the Plaintiff, William H. Chakan, which caused Mr. Chakan to sustain serious and permanent injuries.



9. Among other things, Goro negligently failed to:

    a. perform the required pre-trip, during-trip and post-trip vehicle inspection;
    b. appropriately plan his route of travel;
    c. perform the necessary trip planning while not driving;
    d. utilize reasonably available tools to assist with directions;
    e. manage space around his vehicle;
    f. maintain reasonable and safe control of his vehicle;
    g. maintain proper attention to disabled vehicles and people who were assisting a disabled motorist;
    h. not travel too closely to avoid striking disabled vehicles on the roadway, including their mirrors;
    i. make a proper lane change;
    j. keep a proper lookout;
    k. drive with the right amount of caution considering the size and weight of his commercial vehicle;
    l. reasonably judge the closeness of the vehicles around him;
    m. remain reasonably alert;
    n. exercise caution while traveling in traffic;
    o. drive at a speed that would not be hazardous to other traffic;

Electronically Filed 03/01/2017 12:54 / COMPLAINT / CV 17 874968 / Confirmation Nbr. 1001009 / CLDLJ

    p.    avoid becoming a hazard to the motoring public;
    q.    exercise due care;
    r.    drive defensively;
    s.    safely maneuver his commercial vehicle;
    t.    drive without confusion;
    u.    drive without distraction;
    v.    maintain a safe route of travel;
    w.    drive in compliance with the required hours-of-service;
    x.    failure to drive his vehicle safely away from the Plaintiff who was lawfully assisting a disabled motorist; and
    y.    comply with the minimum safety standards required by the Federal Motor Carrier Safety Regulations; and
    z.    the defendants were otherwise negligent as will be shown at trial.

10. Defendant Goro was negligent in the care, management and/or operation of his commercial motor vehicle.

11. Goro's wrongful conduct constitutes prima facie evidence of negligence and/or negligence per se and was the proximate cause of the collision with William H. Chakan and the resulting harm and damage to his person.

12. At all times relevant hereto, Goro was an employee, agent, leased driver, and/or servant of Defendant, Bhullar Imports, Inc. and was acting in the course and scope of his agency and/or employment with Bhullar Imports, Inc. which is responsible for the conduct of Goro under principles of *respondeat superior*.

13. Irrespective of the employment/contractual relationship, Bhullar Imports, Inc. is a motor carrier subject to Federal Motor Carrier Safety Administration (FMCSA) Regulations and State Regulations and is therefore responsible for the acts of Goro as a matter of law.

Electronically Filed 03/01/2017 12:54 / COMPLAINT / CV 17 874968 / Confirmation Nbr. 1001009 / CLDLJ

14. As a direct and proximate result of the defendants' negligence and the negligence of Bhullar Imports, Inc. agents and employees, including but not limited to Jihad S. Goro, William H. Chakan sustained serious injuries to his body, including but not limited to, multiple compound fractures to his right arm, injuries to his right bicep, right forearm, right humorous, right elbow, right radius, right ulna, right wrist, and other catastrophic injuries causing extreme pain, emotional distress and permanent functional disabilities, resulting in the need for multiple surgeries; medical care  and treatment and causing conscious pain and physical suffering; shock to his entire nervous and physical systems; and an inability to engage in his usual activities.



6

15. William H. Chakan states that as a direct and proximate result of the defendants' negligence, he has incurred hospital and medical expenses and will continue to incur medical expenses in an amount to be proven at trial.

16. William H. Chakan further states that as a direct and proximate result of defendants' negligence, he has sustained a wage loss, vocational limitations, and a permanent impairment to his future earning capacity and was and remains unable to engage in his usual occupation thereby sustaining a loss of income in an amount to be proven at trial.

### COUNT II – DIRECT LIABILITY CLAIMS AGAINST BHULLAR IMPORTS, INC.

17. The preceding paragraphs are hereby realleged as if fully restated herein.

18. The tractor and trailer involved in the subject collision constituted a commercial motor vehicle operated by and under the direct control of Goro, but was owned and/or leased by and under the control of Bhullar Imports, Inc. and was being used on behalf of and for the benefit Bhullar Imports, Inc. at all times relevant hereto.

19. The operation, maintenance, and control of the tractor and trailer was governed, licensed, supervised, and regulated by State and Federal regulations, and as such was operated pursuant to a certificate of authority given to Bhullar Imports, Inc. to operate such vehicles on designated routes and to carry goods for hire by the FMCSA and/or other government regulatory body.

20. In addition, Goro was not competent and/or legal to operate the subject commercial motor vehicle at the time of the collision, which incompetence and/or illegality was known or should have been known by Bhullar Imports, Inc. As a consequence, Bhullar Imports, Inc. was negligent in entrusting the commercial motor vehicle to Goro, which negligence was a direct and

7

proximate cause of the injuries and other losses sustained by plaintiff, all in an amount to be proven at trial.

21. Plaintiff further states that Bhullar Imports, Inc. was negligent in hiring, training, supervising, dispatching, route management, route planning, and/or retaining Goro as a commercial motor vehicle driver, which resulted in creating a danger and hazard to the traveling public and anyone using public roadways, which wrongful conduct was a direct and proximate cause of the injuries and damages sustained by Plaintiff William H. Chakan as alleged herein, all in an amount to be proven at trial.

## COUNT III – LOSS OF CONSORTIUM

22. The preceding paragraphs are hereby realleged as if fully restated herein.

23. The Plaintiff Heather Chakan is and was at all times herein the wife of the Plaintiff William H. Chakan.

24. As a further direct and proximate result of the above-mentioned acts of negligence of each of the Defendants, Plaintiff Heather Chakan was caused to lose the love, affection, consortium and/or other services of her husband, William H. Chakan, all to her detriment.

WHEREFORE, Plaintiffs William H. Chakan and Heather Chakan each demand judgment against Defendants Bhullar Imports, Inc. and Jihad S. Goro, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) together with interest, costs, and any other such relief as this Court deems just and equitable.

Respectfully submitted,

/s/Jamie R. Lebovitz, Esq.
Jamie R. Lebovitz, Esq. (0025000)
Jordan D. Lebovitz, Esq. (0091247)
NURENBERG, PARIS, HELLER
& McCARTHY CO., L.P.A.
600 Superior Avenue E - Suite 1200

Cleveland, Ohio 44114
(216) 621-2300; Fax (216) 771-2242
Jlebovitz@nphm.com
JordanLebovitz@nphm.com

Attorneys for Plaintiffs

## JURY DEMAND

A trial by jury is hereby demanded on the within action.

Respectfully submitted,

/s/Jamie R. Lebovitz
Jamie R. Lebovitz, Esq. (0025000)
Jordan D. Lebovitz, Esq. (0091247)
NURENBERG, PARIS, HELLER
& McCARTHY CO., L.P.A.
600 Superior Avenue E, Suite 1200
Cleveland, Ohio 44114
(216) 621-2300; Fax (216) 771-2242
Jlebovitz@nphm.com
JordanLebovitz@nphm.com

Attorneys for Plaintiffs

9